**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**I.B.E.W. LOCAL 910 WELFARE, ANNUITY and
PENSION FUNDS, by John Love, as Fund Manager;
WATERTOWN ELECTRICAL JOINT
APPRENTICESHIP AND TRAINING FUND, by
Dennis C. Affinati and Leo Villeneuve, as Trustees;
NATIONAL ELECTRICAL BENEFIT FUND, by
John Grau and Edwin Hill, as Trustees; ST.
LAWRENCE VALLEY LABOR MANAGEMENT
COOPERATION COMMITTEE, by Dennis C.
Affinati and Leo Villeneuve, as Trustees; and
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION NO.
910, by Dennis C. Affinati, as Business Manager,**

      **Plaintiffs,**

 vs.               **7:12-CV-652
                   (MAD/DEP)**

**GRAYCO ELECTRIC, INC. and WALTER GRAY,
individually,**

      **Defendants.**
_____

**APPEARANCES:**           **OF COUNSEL:**

BLITMAN & KING LLP        Daniel E. Kornfeld, Esq.
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
*Attorneys for Plaintiffs*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

   Plaintiffs bring this action alleging that defendants violated the Employment Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., and the Labor-Management

Relations Act of 1947, as amended, 29 U.S.C. § 185 (a) *et seq*., by failing to timely remit fringe

benefit contributions and deductions. Plaintiffs move for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure seeking to collect the total outstanding amount of defendant's employee benefit contributions, interest, liquidated damages, attorneys' fees and costs.

## II. DISCUSSION

### A. Jurisdiction

This Court has subject matter jurisdiction as the action arises under ERISA.

### B. Default Judgment

"Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc*., 672 F. Supp. 72, 74 (N.D.N.Y. 1987). Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before a motion for default may be granted. Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit of non-military service and evidence that defendant is neither an infant nor incompetent. *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

As referenced above, plaintiffs filed a complaint on April 18, 2012. The summons and complaint were served on defendant on June 9, 2012. Plaintiffs aver defendants never answered or otherwise moved with respect to the complaint, thus on July 3, 2012, plaintiffs requested a clerk's entry of default. Said default was entered on July 10, 2012. On August 1, 2012, plaintiffs filed a notice of motion for default judgment pursuant to Fed. R. Civ. P. 55(a) and 55(b)(2). Therefore, plaintiffs have fulfilled the procedural prerequisites for default judgment. Accordingly, the Court will address liability.

**C.     Liability**

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 261415, *1 (W.D.N.Y. 1993) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992)).  The allegations in plaintiffs' complaint and supporting papers, as summarized below, are therefore presumed accurate.

Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

Here, plaintiffs assert that defendants failed to comply with the terms of the Funds and incurred liability for delinquent contributions and liquidated damages.  Plaintiffs further assert that pursuant to 29 U.S.C. § 1132(g)(2), plaintiffs shall be awarded interest on the unpaid contributions, the greater of liquidated damages or an additional interest award, audit fees, reasonable attorneys' fees and costs.  Therefore, defendants' conduct, as alleged, stands in violation of its agreement with the Funds.  By failing to answer plaintiffs' complaint or oppose this motion, defendants have effectively conceded that they are bound by the terms of the participation agreement it entered into with the Funds or their representatives, and is liable for the entire amount of as assessed by the Funds, as well as interest, liquidated damages, costs, and attorneys' fees.

Additionally, plaintiffs seek to hold Gray individually liable, "for at least the sum of $69,466.85.[1]  A person is a fiduciary with respect to a plan to the plan to the extent that "he

---

[1] Plaintiffs' moving papers and the record are devoid of any explanation regarding the calculations utilized to arrive at this amount.  This will be discussed *infra*.

exercises any discretionary authority or control respecting management of such plan or disposition of its assets. *Tr. of the Road Carriers Local 707 Welfare Fund v. Goldberg*, 2009 WL 3497943, at *3 (E.D.N.Y. 2009) (citing 29 U.S.C. 1002(21)(A)(i)). In order to establish that a person is personally liable as a fiduciary, plaintiff must prove: (1) that the unpaid contributions were plan assets and (2) the individual exercised a level of control over those assets. *Sullivan v. Marble Unique Corp.*, 2011 WL 5401987, at *10 (E.D.N.Y. 2011) (citing *In re Halpin*, 566 F.3d 286, 289 (2d Cir. 2009)).

Here, plaintiffs allege that unpaid contributions are plan assets, and Gray, who had managerial discretion and control over Grayco, commingled, or permitted commingling of the assets, used assets to pay other creditors instead of paying the plans and diverted the assets for purposes other than purposes of the Funds. Pltf. Cmplt. at ¶ 43 - 44. Plaintiffs claim that Gray is President of Grayco and "completely owned, controlled and dominated the affairs of the Corporation and carried on the business of the Corporation for her [sic] own personal ends". *Id*. at 13, 40. Plaintiff further allege that Gray, "had managerial discretion and control" and made all decisions on behalf of defendant (including concerning payments) and signed contracts . *Id*. at 41. Specifically, plaintiffs contend that Gray, " determined when the Local No. 910 Funds would be paid, how much would be paid and exercised control over "money due and owing" to the funds. *Id*. at 42.

Since all reasonable inferences must be made in plaintiffs' favor, the Court finds that plaintiffs have sufficiently alleged that Gray, as President of Grayco, exercised sufficient control over the plans' assets to be considered a fiduciary. Therefore, defendant Gray may be held personally liable under ERISA for the unpaid contributions to the funds as well as interest, liquidated damages, attorneys fees and costs.

**D.     Damages**

Where a violation of 29 U.S.C. § 1145 has occurred, ERISA authorizes plaintiffs to enforce an employer's obligations to remit contributions in accordance with the terms of the Agreement, Agreement and Declarations of Trust, and Collections Policy, and collect delinquent contributions and deductions, interest, liquidated damages, and audit fees. *See* 29 U.S.C. § 1132(g)(2)(A-D).[2] However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The Court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*.

**1.     Damages Derived from Failure to Pay Contributions**

Plaintiffs allege that defendant Grayco currently owes $61,790.11 in fringe benefit contributions, $21,981.81 in liquidated damages and $14,257.92 in interest. With respect to the amount of damages, plaintiffs rely on the complaint, documentary evidence, and affidavits of John Love (Fund Manager of the IBEW Local 910 Welfare Fund, the IBEW Local 910 Annuity Fund, and the IBEW Local 910 Pension Fund) and Daniel Kornfeld, Esq. In view of the

---

[2]
In relevant part, 29 U.S.C. § 1132(g)(2) provides:

In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan–
- (A)     the unpaid contributions,
- (B)     interest on the unpaid contributions,
- (C)     an amount equal to the greater of–
  - (i)     interest on the unpaid contributions, or
  - (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
- (D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and
- (E)     such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

affidavits and documentary evidence submitted by plaintiffs, a hearing to ascertain the damages in this case is unnecessary. Among the documentary evidence provided by plaintiffs are calculations of damages at the foregoing rates of interest and liquidated damages.

Section 1132(g)(2)(A) refers to "unpaid contributions". Plaintiffs claim that defendant Grayco owes $61,790.11 in fringe benefit contributions and deductions due for the period March 1, 2011 through January 31, 2012. Based upon the submissions, plaintiffs are entitled to recover the amount of $61,790.11 in unpaid delinquent employee benefit contributions owing under the relevant Agreement in this action. 29 U.S.C. §§ 185 and 1132(g)(2)(A); *see also Lanzafame v. Diamond Exterior Restoration Corp.*, 2006 WL 2265054, at *3-4 (E.D.N.Y. 2006).

Plaintiffs are also entitled to interest on unpaid contributions. 29 U.S.C. § 1132(g)(2)(B). The rate of interest to be applied to such an award is governed by the relevant Agreements. *See id.* According to Mr. Love, interest on the unpaid and untimely paid Local No. 910 Funds contributions is calculated at a rate of eighteen percent (18%) per annum; interest on the unpaid and untimely paid Training Fund contributions, at a rate prescribed by ERISA; interest on the unpaid and untimely paid NEBF contributions is calculated at a rate of ten percent (10%) per annum; interest on the unpaid and untimely paid National LMCC and SLVLMCC contributions at a rate of ten percent (10%) per annum; interest on the unpaid and untimely paid AMF monies at the rate of nine percent (9%) per annum; and interest on the unpaid and untimely paid dues deductions is calculated at the rate of nine (9) percent per annum. *See* Love Aff. at ¶ 18. Plaintiffs seek interest in the sum of $ 14,257.92, which comports with the Agreement.

Plaintiffs are entitled to liquidated damages equal to the greater of: (1) the interest on the unpaid contributions; or (2) the liquidated damages provided for under the collective bargaining agreement in an amount that does not exceed twenty percent of the unpaid contributions. *See* 29

U.S.C. § 1132(g)(2)( c). Pursuant to the Agreement, plaintiffs seek recovery for liquidated damages applying 10% to the delinquent amount. Accordingly, plaintiffs are entitled to $21,981.81 in liquidated damages.

### 2. Attorneys' Fees and Costs

Plaintiffs are statutorily entitled to recover reasonable attorneys' fees and costs associated with their efforts to collect the delinquent contributions and deductions. 29 U.S.C. § 1132(g)(2)(D). Plaintiffs request $6,038.00 in attorneys' fees and $799.45 in costs. Plaintiffs submit detailed time records which the Court has reviewed and finds reasonable. They demonstrate that 23.25 attorney hours were spent on this matter.

Plaintiffs request reimbursement of attorney hours at $260 per hour for work performed. With respect to hourly fees, the Second Circuit has recently held that courts are to award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable, paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008). The Court notes that plaintiffs' counsel, Daniel Kornfeld, Esq. has extensive experience and expertise in this field of litigation. Due to the nature of the claims, a substantial amount of expertise, time, and labor is required to pursue the claims successfully, even though in some cases recoveries may be relatively small. Here, counsel has succeeded in obtaining judgment recovering liquidated damages. The importance of this case lies not only in recovering benefits for the affected employees, but also in conveying the message to employers and workers that the ERISA requirements will be enforced. The Court is aware of attorneys' fee awards in similar cases in this community; it has recently been determined that the prevailing rate in this community in a similar case by the same attorneys is $210 per hour for experienced attorneys, $150 per hour for associates with more than four years experience, and

7

$80 per hour for paralegals. *See Eng'rs Joint Welfare, Pension, Supp. Unempl. Benefit & Training Funds v. Reape* ("*Reape*"), 2008 WL 2385908, *4 (N.D.N.Y. 2008).[3] In light of these factors and the Court's own knowledge of the rates prevailing in the legal community, the Court finds that the rate in *Reape* is the reasonable fee in the case at bar. Plaintiffs have not submitted evidence warranting a different result.

Plaintiffs also seek reimbursement for costs in the amount of $799.45. ERISA authorizes the award of costs of an action in conjunction with attorneys' fees. *See* 29 U.S.C. § 1132(g)(2)(D). The Court finds these costs reasonable. Accordingly, the award of attorneys' fees and costs is $ 4,882.50 (23.25 x $210) for Attorney Kornfeld's services plus $799.45 in costs for a total of $5,681.95 in attorneys' fees and costs.

### 3. **Judgment Against Gray**

In addition to the aforementioned amounts, plaintiffs seek judgment in the amount of $76,284.30 against Gray representing $69,466.85 in fringe benefits contributions, interest and liquidated damages and $6,837.45 in attorneys' fees and costs.[4] In counsel's affidavit in support of the motion, he avers that plaintiffs seek, "default judgment in favor of plaintiffs against defendants Grayco Electric, Inc. In the amount of $104,867.29 and Walter Gray individually, in

---

[3] "[W]ithin the past three years, [ ] this District [ . . .], on at least eight occasions, [held] that the reasonable rate for such work in the community to have been $210. *Cent. New York Laborers' Health and Welfare Fund ex rel. Moro v. Taylor,* 2012 WL 3201950, at *2 -3 (N.D.N.Y. 2012) (collecting cases) ("[w]hile the undersigned imagines that the hourly rate might be raised to $235 for such work performed in the community after January 2012 (given inflation, among other things), the undersigned has found no reason to depart from the authority[. . . ], and raise the rate for such work performed in the community between September 2009 and January 2012 (especially given that this action was unopposed)).

[4] According to the Court's calculations, these two amounts total $76,304.30.

the amount of $76,284.30". There is no support in the record for this additional award. Plaintiffs' moving papers lack any factual or legal basis for the additional award of $76,284.30 against Gray, individually. Love did not provide any information regarding this additional amount and limited his assertions to the amounts owed by Grayco. Moreover, counsel's affidavit summarily states, "[b]ecause of the classification of Trust assets, Defendant Walter Gray is indebted to plaintiffs" in the sum of $69,466.85. There is no citation to the record in support of that calculation and no citations to any caselaw in support of the claim for this additional amount.[5] Accordingly, this portion of plaintiffs' motion is denied.

## III. CONCLUSION

It is therefore

**ORDERED** that plaintiffs' motion (Dkt. No. 8) is granted; and it is further

**ORDERED** that plaintiffs are awarded default judgment against defendant Grayco and individually against Gray for the sum of $103,711.79 including $61,790.11 in unpaid benefits; $21,981.81 in liquidated damages; $14,257.92 in interest for the period of March 1, 2011 through January 31, 2012; and $5,681.95 in attorneys' fees and costs together with interest thereon, at the rate provided for by 28 U.S.C. § 1961(a).

**IT IS SO ORDERED.**

Dated: February 7, 2013
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[5] In the cases cited *supra,* where the courts found the president of the defendant corporation personally liable, the courts issued judgment against the corporation and against the president individually in his capacity as a fiduciary but did not differentiate and award separate judgments against both parties. *See i.e.,Sullivan*, 2011 WL 5401987, at *15.